Vincent EMILIO, individually and on behalf of all others similarly situated, Petitioner–Appellee,

v.

SPRINT SPECTRUM, L.P., doing business as Sprint PCS, Respondent–Appellant.

No. 08–5558–cv.

United States Court of Appeals, Second Circuit.

March 12, 2009.

Richard I. Werder, Jr. (K. McKenzie Anderson, on the brief), Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY, for Appellant.

William R. Weinstein, Sanford Wittels & Heisler, LLP, New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES S.

HAIGHT, JR.,* District Judge.

## SUMMARY ORDER

Appellant Sprint Spectrum, L.P. ("Sprint") appeals from a judgment, dated November 5, 2008, 2008 WL 4865050, in the United States District Court for the Southern District of New York (Jones, J.), which granted appellee Vincent Emilio's petition to compel arbitration and enjoined Sprint from proceeding with its motion in Kansas state court to enjoin arbitration. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Sprint first argues that the district court lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). But "federal plaintiffs are not subject to the *Rooker–Feldman* bar unless they *complain of an injury* caused by a state judgment." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 87 (2d Cir.2005). Emilio did not move the district court to reject, directly or indirectly, the state court's order requiring class members (which may have included Emilio) to dismiss certain arbitration claims against Sprint. Instead, the district court addressed the narrow question of whether the parties had agreed that an arbitrator would resolve whether the arbitration had been precluded by a court judgment. In fact, Sprint raised its argument concerning preclusion during arbitration, and had Sprint prevailed, the arbitration might have been dismissed. Sprint's loss before the arbitrator does not transform the district court's decision regarding its limited authority under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* into a rejection of the state-court order. Accordingly, *Rooker–Feldman* does not apply.

■ Sprint next argues that a court, instead of an arbitral forum, should have resolved the question of whether the Kansas order barred arbitration under the doctrine of *res judicata.* Although there is a "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), there is an exception to this policy in those "narrow circumstance[s] where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83–84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). That narrow exception does not apply in this case because the parties clearly intended for the arbitrator to decide a defense of *res judicata.* Sprint, a sophisticated business entity, agreed to "arbitrate any and all claims, controversies or disputes ... arising out of or relating to" its agreement with Emilio. The agreement incorporated by reference JAMS rules, which further provided that "[j]urisdictional and arbitrability disputes ... shall be submitted to and ruled on by the Arbitrator." Sprint's conduct indicated that it broadly interpreted the arbitration agreement: Sprint initially submitted its argument concerning *res judicata* to the arbitrator and only resorted to the courts when it obtained an unfavorable ruling. In light of the parties'

---

* The Honorable Charles S. Haight, Jr., District Judge of the United States District Court for the Southern District of New York, sits by designation.

agreement, Sprint's conduct, and the Supreme Court's instructions that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25, 103 S.Ct. 927, we conclude that the issue of *res judicata* in this case was correctly addressed to the arbitrator.

■ Sprint raises two final arguments. First, Sprint claims that a motion to compel arbitration was unwarranted because Sprint had never refused to arbitrate. But the district court did not err in interpreting Sprint's behavior as a refusal to arbitrate. Sprint filed a motion in state court to enjoin Emilio to dismiss his arbitration claims and declined to continue to arbitrate pending that motion's resolution, even though the arbitral rules prohibited Sprint from withdrawing from arbitration absent Emilio's agreement (which was never obtained). Second, Sprint asserts that the Anti–Injunction Act, 28 U.S.C. § 2283, barred the district court from enjoining Sprint from pursuing its motion in state court. But there is an exception to the Anti–Injunction Act for injunctions necessary "to protect or effectuate the federal court's judgments." *Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2d Cir.1990). Because the district court was issuing an order compelling arbitration and Sprint was seeking a motion in state court to enjoin Emilio to dismiss his arbitration claims, the district court correctly concluded that an injunction was necessary in order to protect its order.

We have reviewed appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.