12-1223-cv
Emilio v. Sprint Spectrum L.P.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand thirteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

-------------------------------------------------------------------------
VINCENT EMILIO, Individually and on behalf of all others similarly situated,

*Petitioner-Appellant*,

v.                                                          No.  12-1223-cv

SPRINT SPECTRUM L.P., d.b.a. Sprint PCS,

*Respondent-Appellee*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:    WILLIAM ROBERT WEINSTEIN, Esq., White Plains, New York.

APPEARING FOR APPELLEE:    JOSEPH A. BOYLE (Lauri A. Mazzuchetti, Vincent Paul Rao, II, *on the brief*), Kelley Drye & Warren LLP, Parsippany, New Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 16, 2012, is AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Petitioner Vincent Emilio appeals from the part of the judgment that denied his petition to confirm and granted respondent Sprint Spectrum L.P.'s ("Sprint") cross-petition to vacate a partial final arbitral award. In considering a challenge to a district court's partial vacatur of an arbitration award, we review the court's legal rulings de novo and its findings of fact for clear error. See Jock v. Sterling Jewelers Inc., 646 F.3d 113, 118 (2d Cir. 2011), cert. denied, 132 S. Ct. 1742 (2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part, vacate in part, and remand the case to the district court for further proceedings.

The arbitrator concluded that a provision of the Kansas Consumer Protection Act permitting consumers to bring class actions to enforce the Act, see Kan. Stat. Ann. § 50-634(d), combined with a provision prohibiting consumers from waiving their rights under the Act, see id. § 50-625(a), rendered the arbitration clause's class action waiver unenforceable. Petitioner challenges the district court's determination that the arbitrator exceeded her authority in deciding the enforceability of the arbitration clause's class action waiver.

A district court may vacate an arbitral award under § 10(a)(4) of the Federal Arbitration Act ("FAA") if "the arbitrator[] exceeded [her] powers," 9 U.S.C. § 10(a)(4),

2

which may be evidenced by (1) consideration of issues beyond those submitted by the parties, or (2) resolution of issues "clearly prohibited by law or by the terms of the parties' agreement," Jock v. Sterling Jewelers Inc., 646 F.3d at 122. As the district court correctly observed, the enforceability of a class action waiver in an arbitration clause is a question of arbitrability that is ordinarily for a court, and not the arbitrator, to decide. See In re Am. Express Merchants' Litig., 554 F.3d 300, 311 (2d Cir. 2009) ("Amex I") (holding challenge to enforceability of class action waiver to be "a gateway dispute," raising question of arbitrability for court to decide), vacated on other grounds sub nom., Am. Express Co. v. Italian Colors Rest., 130 S. Ct. 2401 (2010); see also In re Am. Express Merchants' Litig., 667 F.3d 204, 210 (2d Cir. 2012) ("Amex III") (concluding that Amex I's holding survived intervening Supreme Court decisions). Thus, the district court concluded that the arbitrator had exceeded her authority in deciding the issue.

Although "[t]he question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability," is presumptively "an issue for judicial determination," the matter may be committed to the arbitrator if "the parties clearly and unmistakably [so] provide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (emphasis in original; internal quotation marks and brackets omitted). Amex I did not purport to change this rule; rather, in that case, the parties did not dispute that the district court had erred in holding that the question of the class action waiver's enforceability was a matter for the arbitrator. See Amex I, 554 F.3d at 310–11 (noting that plaintiffs argued that

3

question of arbitrability was one for court and that defendant did not "posit[] any argument to the contrary").

In this case, however, Emilio argues that the parties clearly and unmistakably delegated questions of arbitrability to the arbitrator. We agree. The arbitration clause in the parties' agreement states that "the then-applicable rules of JAMS will apply,"[1] specifically JAMS's "expedited procedures." Sprint PCS Terms & Conditions, Mandatory Arbitration of Disputes. With respect to the delegation of questions of arbitrability to the arbitrator, JAMS Comprehensive and Streamlined Arbitration Rules & Procedures state as follows:

> Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

2003 JAMS Comprehensive Arb. R. & P. 11(c); 2003 JAMS Streamlined Arb. R. & P. 8(c). "[W]hen, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005) (holding that arbitration rule providing arbitrator "power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement" delegated arbitrability questions to arbitrator (internal quotation marks omitted)); see also T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 344–45 (2d Cir. 2010) (same).

---

[1] "JAMS" references JAMS, The Resolution Experts.

4

Indeed, in our 2009 decision affirming the district court's order compelling Sprint to arbitrate Emilio's claim, we relied specifically on this JAMS rule to conclude that the parties had clearly committed gateway questions of arbitrability to the arbitrator. Rejecting Sprint's argument that a court, instead of an arbitrator, should decide the preclusive effect of a state court order on the arbitration, we noted that the parties had "agreed to 'arbitrate any and all claims, controversies or disputes . . . arising out of or relating to' its agreement with Emilio," and we observed that the parties' "agreement incorporated by reference JAMS rules, which further provided that '[j]urisdictional and arbitrability disputes . . . shall be submitted to and ruled on by the Arbitrator.'" Emilio v. Sprint Spectrum, L.P., 315 F. App'x 322, 324 (2d Cir. 2009). Accordingly, we held that "the parties clearly intended for the arbitrator to decide a defense of res judicata." Id. (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. at 83–84).

Sprint does not dispute Emilio's argument that the parties clearly and unmistakably delegated questions of arbitrability to the arbitrator. Rather, Sprint argues that the district court did not decide a question of arbitrability at all. Relying on a district court decision, Schatz v. Cellco P'ship, 842 F. Supp. 2d 594 (S.D.N.Y. 2012), Sprint contends that the district court in this case decided the "'adequacy of the arbitral forum'" in resolving the enforceability of the class action waiver, an issue that Sprint contends is different from the question of arbitrability. Appellee's Br. at 16 (quoting Schatz v. Cellco P'ship, 842 F. Supp. 2d at 607 n.11). Schatz drew no such distinction. To the contrary, Schatz opined, in dicta, that the enforceability of a class action waiver clause always presents a question of

5

arbitrability <u>because</u> it necessarily implicates the question whether the arbitral forum is adequate to permit a plaintiff to vindicate substantive rights. <u>See</u> <u>Schatz v. Cellco P'ship</u>, 842 F. Supp. 2d at 607 n.11.[2] Moreover, <u>Schatz</u> simply does not speak to the issue in this case because the parties in <u>Schatz</u> never argued that they had clearly and unmistakably delegated the question of arbitrability to the arbitrator.

In any event, it is plain from the challenged order that the district court did decide a question of arbitrability. Correctly recognizing that <u>Amex I</u> decided that the enforceability of a class action waiver "'rais[ed] a question of arbitrability,'" the district court proceeded to conclude that the "class action preclusion provision in the instant action presents an identical issue to the class action waiver in <u>Amex I</u>." <u>Emilio v. Sprint Spectrum L.P.</u>, No. 11 Civ. 3041 (BSJ), 2012 WL 917535, at *3 (S.D.N.Y. Mar. 16, 2012) (quoting <u>Amex I</u>, 554 F.3d at 311). In short, the district court's error was not in recognizing that the enforceability of a class action waiver is a question of arbitrability; it was in concluding that the issue in this case arose in the same context as it had in <u>Amex I</u> when, in fact, the parties in this case specifically delegated questions of arbitrability to the arbitrator. Because the parties clearly and unmistakably intended for the arbitrator to decide the gateway issue of the enforceability of the class action waiver, the district court was not free to decide that question for itself. Accordingly, the district court erred in vacating that portion of the arbitration award as <u>ultra vires</u> and deciding the class action waiver's enforceability <u>de novo</u>. Because the district

---

[2] We express no opinion on the merits of <u>Schatz</u>'s view of the law. We note only that <u>Schatz</u> does not say what Sprint thinks it says.

court did not address Sprint's other arguments for vacatur of the arbitral award, we not only vacate so much of the judgment as vacated the arbitral award in part, but also remand the case to the district court to address Sprint's other arguments in the first instance.

No party challenges the judgment confirming so much of the arbitral award as held "that Sprint cannot be compelled to proceed with class-wide arbitration," <u>Emilio v. Sprint Spectrum L.P.</u>, 2012 WL 917535, at *4, therefore, that portion of the judgment is affirmed.

Accordingly, the judgment is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court