14-732-cv
Emilio v. Sprint Spectrum L.P.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand fourteen.

PRESENT:
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––

VINCENT EMILIO, Individually and on behalf of all others similarly situated,

>*Petitioner-Appellee*,

>v.                                                                 14-732-cv

SPRINT SPECTRUM L.P., DBA SPRINT PCS,

>*Respondent-Appellant*.

––––––––––––––––––––––––––––––––––––––––

FOR PETITIONER-APPELLEE:       WILLIAM ROBERT WEINSTEIN, Law Offices of William R. Weinstein, White Plains, NY.

FOR RESPONDENT-APPELLANT:       LAURI A. MAZZUCHETTI (Joseph Boyle and Vincent P. Rao, II, on the brief), Kelley Drye & Warren, LLP, Parsippany, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Sprint Spectrum, L.P. ("Sprint") appeals the district court's opinion and order denying its motion to vacate the Arbitrator's Partial Final Award pursuant to § 10(a)(4) of the Federal Arbitration Act ("FAA").[1] We presume the parties' familiarity with the facts and procedural history.

We affirm substantially for the reasons stated in the district court's careful opinion. Contrary to Sprint's argument on appeal, the Arbitrator did not exceed her authority by making any ruling as to "what actions Emilio can or cannot take in a judicial forum." Sprint Br. 3. As we have already decided, the parties "clearly and unmistakably" committed gateway questions of arbitrability to the Arbitrator. Emilio v. Sprint Spectrum L.P., 508 F. App'x 3, 5-6 (2d Cir. 2013). The Arbitrator simply ruled that Sprint could not be compelled to proceed with class arbitration under the Supreme Court's decision in Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758 (2010), and Emilio could not be compelled to proceed with bilateral arbitration under Kansas law, which the arbitration agreement stated would govern. The Arbitrator did nothing more than

_____

[1] This is our third foray into this case and Sprint's second attempt to have us intervene in the arbitration. See Emilio v. Sprint Spectrum L.P., 508 F. App'x 3 (2d Cir. 2013); Emilio v. Sprint Spectrum, L.P., 315 F. App'x 322 (2d Cir. 2009).

2

construe the parties' contract in order to decide the questions of arbitrability that the parties submitted to her.

Whether or not we agree with the Arbitrator's construction of the contract or of the Kansas law by which it is governed, the parties bargained for the Arbitrator's construction, not ours. "Only if the arbitrator acts outside the scope of h[er] contractually delegated authority—issuing an award that simply reflects h[er] own notions of economic justice rather than drawing its essence from the contract—may a court overturn h[er] determination." Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 (2013) (internal quotation marks and alterations omitted). Sprint argues that the Arbitrator's conclusion that, in effect, the dispute is not arbitrable, either as a class or individual action, *must* come from outside the contract because the contract provides for arbitration. Despite its superficial appeal, that argument is nothing more than a disagreement with the Arbitrator's analysis. Correct or not, that analysis proceeds entirely from within the terms of the agreement and the law chosen by the parties to govern it. "If the arbitrator has provided even a barely colorable justification for his or her interpretation of the contract, the award must stand." Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 222 (2d Cir. 2002). To say the very least, that minimal standard is met here.

Nor do we find that the Arbitrator manifestly disregarded the law. To find a manifest disregard of law under our precedents,[2] a court must consider "first, whether the

---

[2] We assume, as we have in the past, that these precedents remain good law despite the Supreme Court's reservation of whether "manifest disregard" is a valid reason to vacate an arbitration award. See Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 452 (2d

3

governing law alleged to have been ignored by the arbitrator[] was well defined, explicit, and clearly applicable, and, second, whether the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it."  Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 n.1 (2d Cir. 2011) (internal quotation marks omitted).  Sprint's reliance on AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011), decided *after* the Partial Final Award, is self-defeating: the Arbitrator could not have ignored governing law that did not yet exist when she issued her decision.  The district court ably addressed Sprint's alternative arguments that the Arbitrator manifestly disregarded pre-Concepcion law and misconstrued the Kansas Consumer Protection Act.  The Arbitrator's rulings, even if incorrect, were not so "'beyond and different from mere error in the law'" as to constitute a manifest disregard of clearly applicable, controlling law.  Jock, 646 F.3d at 121 n.1, quoting Westerbeke, 304 F.3d at 208.[3]

---

Cir. 2011); Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 (2d Cir. 2011); T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 340 (2d Cir. 2010).

[3]We need not, and therefore do not, express any view on whether a similar decision by an arbitrator today, whose attention has been called to Concepcion, would be defensible.  We note only that Concepcion changes the legal landscape, and gives considerable force to the argument that the FAA's broad preemption of state laws invalidating class arbitration waivers would apply to the Kansas statute at issue here.  See Concepcion, 131 S. Ct. at 1751-53.  The Arbitrator's Partial Final Award in this case issued during the interlude between the Supreme Court's decisions in Stolt-Nielsen and Concepcion.  The Arbitrator's failure to anticipate Concepcion cannot constitute manifest disregard of the law applicable at the time she decided the case.

We have considered Sprint's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>